MEMORANDUM *
Plaintiff-appellant Kenneth E. Novak appeals the district court’s summary judgment in favor of his former employer, the Secretary of the United States Navy, on claims of discrimination and unlawful retaliation under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621 et seq., and his claim for intentional infliction of emotional distress under the Federal Tort Claims Act (FTCA), 28 U.S.C. 1346(b). We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part and reverse in part.
The district court correctly granted summary judgment for the Secretary on Novak’s retaliation and FTCA claims. Novak’s FTCA claim is preempted by the Civil Service Reform Act (CSRA), see 5 U.S.C. § 2302(a)(2)(A)©-(xi); Mangano v. United States, 529 F.3d 1243, 1247 (9th Cir.2008). His retaliation claims fail because he has proffered no evidence establishing a “causal link between ... [his] protected activity and [an] adverse employment action.” Poland v. *673 Chertoff, 494 F.3d 1174, 1179-80 (9th Cir. 2007) (internal quotation marks omitted). The time lapse between Novak’s protected conduct and his June 2002 reassignment to Code 270.4 is too long to support an inference of causation. See Manatt v. Bank of Am., 339 F.3d 792, 802 (9th Cir.2003). No-vak failed to argue in his brief that he suffered an adverse employment action when he was reassigned to Code 260.7 in January 2002, and the argument is therefore waived. See Smith v. Marsh, 194 F.3d 1045, 1052 (9th Cir.1999).
With respect to his ADEA discrimination claim, however, Novak proffered direct evidence of age discrimination in testifying that his supervisor told him they were “putting [him] out to pasture.” See Dominguez-Curry v. Nev. Transp. Dep’t., 424 F.3d 1027, 1039 (9th Cir.2005) (“[W]e have repeatedly held that a single discriminatory comment by a plaintiffs supervisor or decisionmaker is sufficient to preclude summary judgment for the employer.”); see also Enlow v. Salem-Keizer Yellow Cab Co., Inc., 389 F.3d 802, 812 (9th Cir.2004) (“When a plaintiff alleges disparate treatment based on direct evidence in an ADEA claim, we do not apply the burden-shifting analysis set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).”). There is also a genuine issue of material fact as to whether Novak suffered an adverse employment action when he was, according to his testimony, reassigned to perform menial work that fell below his job classification D. Ct. docket no. 12 at 16,] and relocated to an isolated overflow area[, id. at 14]. See S.E.C. v. Phan, 500 F.3d 895, 909 (9th Cir.2007) (“Only in cer tain instances — such as when a declaration states only conclusions, and not such facts as would be admissible in evidence[ ] — can a court disregard a selfserving declaration for purposes of summary judgment.”) (internal quotation marks and alterations omitted); cf. Chuang v. Univ. of Cal. Davis, Bd. of Trs., 225 F.3d 1115, 1125-26 (9th Cir.2000) (holding relocation of scientist’s laboratory to be an adverse employment action given evidence the relocation disrupted research projects and resulted in the loss of experimental subjects, withholding of research grants, etc.). Accordingly, we reverse summary judgment on Novak’s ADEA claim.
AFFIRMED in part; REVERSED in part, and REMANDED. The parties shall bear their own costs on appeal.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.